UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Petitioner,<br><br>vs.<br><br>ALEJANDRO REYES,<br><br>Respondents. | 4:25-CV-04063-CBK<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND ORDER DENYING A CERTIFICATE OF APPEALABILITY |

Petitioner, a prisoner at the Mike Durfee State Prison in Springfield, South Dakota, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the South Dakota Board of Pardons and Paroles' calculation of good conduct time credits, parole eligibility date, and final discharge date. Respondent has filed a motion to dismiss.

Petitioner is not challenging the fact of his conviction but instead the administration of his sentence. He is challenging the manner in which the South Dakota Department of Corrections re-calculated his good time credits in 2008. Petitioner contends that he lost 54 months of good time credits compared to the manner in which good time credits had previously been calculated.

Habeas corpus is the appropriate means of attacking the length of future confinement based upon alleged constitutional violations in the application of good time credits. Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S. Ct. 1827, 1835, 36 L. Ed. 2d 439 (1973), cited with approval, Jensen v. Satran, 651 F.2d 605, 607 (8th Cir.1981). Petitioner is a "person in custody pursuant to the judgment of a State court" as defined in 28 U.S.C. § 2254(a) "and can only obtain habeas relief through § 2254, no matter how his pleadings are styled." Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (citing Felker v. Turpin, 518 U.S. 651, 662, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996)).

Whether styled as a petition for a writ of habeas corpus under 2241 or 2254, the procedural restrictions of § 2254 apply to a challenge to the fact or length of confinement. Such petitions are subject to 2244(b)'s limitations as to second or successive petitions. Crouch v. Norris, 251 F.3d at 723 (finding that parole claims could not have been raised in a prior petition and are not barred by § 2244(b)). Such petitions are also subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Litschewski v. Dooley, 2012 WL 3929901, at *3 (D.S.D. 2012), report and recommendation adopted, No. CIV. 11-4119-KES, 2012 WL 3929172 (D.S.D. 2012). Finally, where "habeas corpus is the exclusive federal remedy in these circumstances, then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate. 28 U.S.C.§ 2254(b)." Preiser v. Rodriguez, 411 U.S. at 477, 93 S. Ct. at 1830.

Petitioner was sentenced in South Dakota state court in 1997. Petitioner contends that the South Dakota Board of Pardons and recalculated his good conduct time and final discharge date under statutes and policies not in effect on the date of his judgment resulting in an enhancement of his sentence by 54 months. That recalculation occurred in 2009. Brakeall v. Dooley, 2018 WL 3468707, at *2 (D.S.D. 2018), report and recommendation adopted, 2018 WL 3468226 (D.S.D. 2018). Petitioner appealed his claims administratively and in South Dakota circuit and appellate courts. State court proceedings concluded November 21, 2011.

Petitioner was paroled on August 9, 2012. Brakeall v. Dooley, supra. He was taken into custody on a warrant from the Parole Board on November 14, 2014. Brakeall v. Kaemingk, 2018 WL 1061447, at *1 (D.S.D. 2018). It appears from the continued filings in South Dakota District Court that he has been incarcerated continuously since that time. Petitioner filed the instant challenge to the recalculation of his good time credits in 2025.

It is clear that more than one year has elapsed since petitioner's claims regarding the recalculation of his good time credits were resolved by the South Dakota Supreme Court. The petition is untimely. Having concluded that the petition is untimely, there is

no need to address the respondent's contentions that petitioner's claims are improperly exhausted, procedurally defaulted, or that his claim that the South Dakota Board of Pardons and Paroles misapplied state law are not cognizable in a federal habeas proceeding.

Now, therefore,

IT IS ORDERED:

1. Respondent's motion, Doc. 9, to dismiss the petition for a writ of habeas corpus is granted.

2. Petitioner's motion, Doc. 15, for discovery is denied.

3. The petition for a writ of habeas corpus is denied.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2254 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this 3rd day of March, 2026.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge