UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| WINSTON GREY BRAKEALL,<br><br>Petitioner,<br><br>vs.<br><br>ALEJANDRO REYES,<br><br>Respondents. | 4:25-CV-04063-CBK<br><br>ORDER |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the South Dakota Board of Pardons and Paroles' 2008 re-calculation of good conduct time credits, parole eligibility date, and final discharge date. The petition was dismissed on the basis of the one-year period of limitations set forth in 28 U.S.C. § 2244(d) and a judgment of dismissal was entered. Petitioner has filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e).

The United States Supreme Court has addressed the availability of relief under Fed. R. Civ. P. 59(e).

> Indeed, the availability of Rule 59(e) may make habeas proceedings more efficient. Most obviously, the Rule enables a district court to reverse a mistaken judgment, and so make an appeal altogether unnecessary. Of course, Rule 59(e) motions seldom change judicial outcomes. But even when they do not, they give habeas courts the chance to clarify their reasoning or address arguments (often made in less-than-limpid *pro se* petitions) passed over or misunderstood before. That opportunity, too, promotes an economic and effective appellate process, as the reviewing court gets "the benefit of the district court's plenary findings." And when a district court sees no need to change a decision, the costs of permitting a Rule 59(e) motion are typically slight.

Banister v. Davis, 590 U.S. 504, 516–17, 140 S. Ct. 1698, 1708, 207 L. Ed. 2d 58 (2020) (internal citations omitted). "It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered

evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotations and citations omitted).

> Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment . . . Rule 59(e) motions serve a limited function of correcting manifest errors of law or fact or to present newly discovered evidence . . . Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment . . . A case in which a timely Rule 59(e) motion has been filed lacks finality because the motion tolls the time limitation for appeal in order to provide the trial court with jurisdiction to resolve the motion. This tolling process encourages both correctness and finality.

Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation marks and citations omitted).

The petition for a writ of habeas corpus was denied upon the basis that the petition was filed beyond the one-year period of limitations set forth in 28 U.S.C. § 2244(d) and federal law interpreting that section as it related to habeas petitions under 2241. I declined to rule on the respondent's motion to dismiss on the basis of failure to exhaust other remedies.

Petitioner argues in his motion that although his conviction is final, the execution of his sentence is ongoing and therefore the time for challenging under § 2244(d) the legality of the recalculation of his release date has not run. He contends he is entitled to challenge the sentence at any time under Fed. R. Crim. P. 35 at any time. He further argues that, under South Dakota law, he is entitled to seek to correct an illegal sentence at any time. Petitioner contends that the one-year period of limitations is subject to equitable tolling. He further argues that SDCL 23A-31-1, South Dakota's counterpart to Fed. R. Crim. P. 35, does not impose a requirement that petitioner exercise due diligence pursuing his claims that the recalculation of his good time credits violated his Constitutional rights.

2

Petitioner has set forth no new law that invalidates the Court's legal conclusion that his § 2241 petition in untimely.  Further, neither South Dakota statutes nor South Dakota case law operate to extend nor overrule federal habeas law.

Now, therefore,

IT IS ORDERED that petitioner's motion, Doc. 21, to alter amend the judgment is denied.

DATED this 10th day of April, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3